UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN BRODHEAD,

        Plaintiff,

        v.                                         CAUSE NO.: 3:19-CV-302-RLM-MGG

CITY OF KOKOMO, et al.,

        Defendants.

## OPINION AND ORDER

Justin Brodhead, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Brodhead's complaint alleges that, on June 2, 2018, Officer Dodd and Officer Wallsmith from the Kokomo Police Department arrived at his home, shot him several times with tasers, and ripped the darts from his skin. He didn't receive any medical treatment for his injuries. Mr. Brodhead says he suffers from mental and physical impairment as a result, and he seeks money damages.

Mr. Brodhead asserts a Fourth Amendment claim against Officer Dodd and Officer Wallsmith for using excessive force on June 2, 2018. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." Abbott v. Sangamon Cty., Ill., 705 F.3d 706, 724 (7th Cir. 2013). For such claims, the operative test is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Giving Mr. Brodhead the favorable inferences to which he is entitled at this stage, he plausibly states a Fourth Amendment claim of excessive force.

Mr. Brodhead asserts a claim against the Kokomo Police Department as a defendant for not providing medical treatment for his taser injuries. Because the Kokomo Police Department has no separate legal existence from the City of Kokomo, the police department is not a suable entity. See Fain v. Wayne Cty. Auditor's Office, 388 F.3d 257, 261 (7th Cir. 2004); Argandona v. Lake Cty. Sheriff's Dep't, 2007 WL 518799, at *3 (N.D. Ind. 2007); Kokomo Ordinance § 30.18, available at https://www.amlegal.com/codes/client/kokomo_in/. As a result, he may not proceed against the Kokomo Police Department. Mr. Brodhead also names the City of Kokomo as a defendant. To pursue a claim under Section 1983 against a local governmental entity, a plaintiff must show that his injury was the result of that entity's official policy or practice. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Because Mr. Brodhead identifies

no policy or practice that caused the use of force incident or the lack of medical care, he can't proceed against the City of Kokomo.

As a final matter, Mr. Brodhead filed a motion compelling documents and recordings related to his claims. This motion is denied because Mr. Brodhead must serve requests for documents and recordings on defense counsel before the court can grant a motion to compel. *See* Fed. R. Civ. P. 37(a).

For these reasons, the court:

(1) DENIES the motion to compel (ECF 6);

(2) GRANTS Justin Brodhead leave to proceed on a Fourth Amendment claim against Officer J. Dodd and Officer D. Wallsmith for using excessive force on June 2, 2018;

(3) DISMISSES the City of Kokomo and the Kokomo Police Department;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer J. Dodd and Officer D. Wallsmith at the Kokomo Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer J. Dodd and Officer D. Wallsmith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Justin Brodhead has been granted leave to proceed in this screening order.

SO ORDERED on August 14, 2019

s/ Robert L. Miller, Jr.
JUDGE